FOX FILM CORPORATION, Respondent, *v.* STUARD HIRSCH-MAN et al., Appellants.

**Appeal — decision of case without trial of issues upon errone-ous theory — error for Appellate Division to affirm judgment upon another theory unsustained by any findings.**

Where the trial court decided a case without trial of the issues upon the erroneous theory that it was immaterial how they were decided since plaintiff was entitled to judgment in any event, the Appellate Division should reverse the judgment and send the matter back for a hearing upon the disputed issues and it is erroneous for that court to affirm the judgment upon a different theory which is not sustained by any findings.

*Fox Film Corp.* v. *Hirschman,* 198 App. Div. 906, reversed.

(Argued June 9, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Benjamin Trapnell* for Stuard Hirschman et al., appellants. It was error for the Appellate Division to affirm the judgment on a theory unsustained by findings. (*Hoffman House* v. *Foote,* 172 N. Y. 348.)

*A. S. Gilbert* and *Jerome E. Malino* for Chop Tank Company, appellant. The Appellate Division erred in affirming the judgment on a theory not presented at the trial. (*Merry Realty Co.* v. *Shamokin,* 230 N. Y. 316; *Drucker* v. *Manhattan Ry. Co.,* 106 N. Y. 157; *Phelps-Stokes Estate* v. *Nixon,* 222 N. Y. 93; *Porter* v. *Municipal Gas Co.,* 220 N. Y. 152; *Rives* v. *Bartlett,* 215 N. Y. 33; *Snider* v. *Snider,* 160 N. Y. 151; *McCabe* v. *Turner & Blanchard, Inc.,* 197 App. Div. 859; *Matter of Wood,* 193 App. Div. 473; *Fairfax Hotel Co.* v. *Barrios,* 191 App. Div. 390; *Wanamaker, New York,* v. *Otis Elevator Co.,* 186 App. Div. 655; *Tierney* v. *Perkins,* 178 App. Div. 391.)

*Almet F. Jenks, Saul E. Rogers* and *Percy Heiliger* for respondent. The Appellate Division has the right and the power to affirm a judgment on a theory not presented at the trial. The sole question is whether the facts determined at the trial justify the decision made by the Appellate Division. (*Martin* v. *Universal Life Ins. Co.,* 85 N. Y. 278; *Ward* v. *Hasbrouck,* 169 N. Y. 947; *Scott* v. *Morgan,* 94 N. Y. 508; *Dunham* v. *Cudlipp,* 40 N. Y. 129; *Tisdale* v. *President,* 116 N. Y. 419; *Jacobson* v. *Brooklyn Lumber Co.,* 184 N. Y. 152.)

CRANE, J. The amended complaint in this action alleges in substance that the defendant Chop Tank Company, Inc., on the 16th day of November, 1915, entered into a contract to convey a tract of land in Queens county to the plaintiff, the Fox Film Corporation; that in and by said contract it was provided that " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue,

opened or proposed, in front of or adjoining said premises, to the center line thereof, or all right, title and interest of seller in and to any award made or to be made in lieu thereof, and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of such award." It further alleges that the said Chop Tank Company, Inc., received a deed to this property on May 18, 1915, from the defendants Stuard Hirschman and Henrietta Hirschman, his wife, but that on November 22, 1915, a corrected deed was given by the Hirschmans to the Chop Tank Company, Inc., which included in the property conveyed the following: " together with all the right, title and interest of the parties of the first part in and to the streets and avenues shown and indicated on said map."

On November 29, 1915, the Chop Tank Company, Inc., so it is alleged, conveyed the premises in question to the plaintiff, the Fox Film Corporation, " excepting therefrom such lots or parts of lots as have been taken by the city of New York for the opening or widening of Ditmars avenue and Fifty-first street." The plaintiff then sets forth in the complaint upon information and belief that on March 12, 1917, an award was made for the property in the streets which was taken by the city of New York in the Ditmars avenue proceeding and that the award was made to the defendant Stuard Hirschman. It also alleges that awards in various amount have been or will be made for the opening and widening of Fiftieth and Fifty-first streets and that these have been or will be made in the name of Stuard Hirschman.

From a reading of the deeds, as contained in the complaint, it appears that the Hirschmans by their deed conveyed to the Chop Tank Company, Inc., only the title which they had to the streets and avenues designated upon a map of the tract of land deeded; they did not

assign the awards to be made for any property which had theretofore been taken by the city. Therefore, the contract made by the Chop Tank Company, Inc., with the plaintiff, wherein it undertook to assign any awards which had been made or were to be made, did not apply to the above awards made to Hirschman. The property in Ditmars avenue having been taken by the city while Hirschman was the owner (so we must infer), he did not assign the awards to be made to the Chop Tank Company, Inc. Not being entitled to the awards, that company could not transfer them to the plaintiff.

Further allegations in the complaint were to the effect that Hirschman was in reality the Chop Tank Company, Inc., that he acted for the company in all these matters, and had fraudulently and deceitfully failed to transfer through the corporation his interests to the awards. The fact that assessments had been made upon this property after the title had passed to the Chop Tank Company, Inc., and to the plaintiff, was also alleged in the complaint. The prayer of the complaint was that the Hirschmans might be enjoined from collecting the awards; that the deed to the plaintiff might be reformed so as to include the awards and that the assessments and awards might be offset to the extent that the awards would meet the obligations.

This is not a full and complete analysis of the complaint but it is sufficient to indicate the reason for our decision.

The allegations in the complaint of fraud were denied by the defendants.

When the case came on for trial, the court, as indicated by the findings, was of the impression that it was immaterial that Hirschman owned the awards and that the assessments were made upon the property after it had passed out of his hands into the ownership of the Fox Film Corporation, the plaintiff. The trial judge was moved to this conclusion by the *Ditmars Avenue* case

which had just been decided and not then heard on appeal. It subsequently was reversed. (190 App. Div. 955; 229 N. Y. 589.) There was no trial of the issues raised by the pleadings. The direction of the trial judge was that the assessments and awards should be offset irrespective of ownership, and judgment was given accordingly. Whether the transfer of Hirschman's awards had been made to the Fox Film Corporation, or whether it was the intention of Hirschman to convey them, which intention was not carried out by reason of fraud, was not in any way determined, and it was so stated.

The ruling of the trial judge was wrong as appears by the reversal of the *Ditmars Avenue* case, referred to. The Appellate Division, however, affirmed the judgment, but upon an entirely different ground or theory than that taken below. It assumed that it was conceded that the defendants Stuard Hirschman and the Chop Tank Company, Inc., were virtually one and the same, and that as the Chop Tank Company, Inc., had contracted to assign the awards, Hirschman was also obliged to do so. We find no such concession in the record. The issues as to Hirschman's connection with the Chop Tank Company, Inc., and his fraud in keeping the awards and failing to assign them, have never been tried. The trial was actually a motion for judgment on the pleadings. No evidence was introduced and no concessions made. As stated, the judge ruled, as a matter of law, that the assessments under the charter of the city of New York and the ruling in the *Ditmars Avenue* case were to be offset by the awards, no matter who owned the property. As this was error, the Appellate Division should have reversed the judgment and sent the matter back for a hearing upon the disputed issues. There was nothing before it to justify the judgment.

Irrespective of the effect of such a finding there is no finding of fact that the Chop Tank Company, Inc., and Stuard Hirschman were one and the same; there is no

finding of fraud accomplished by Hirschman in refusing
or failing to to assign his awards, and there is no finding
that the title was taken by the city when the Chop Tank
Company, Inc., owned the property, or that the awards
were improperly made to Hirschman, as owner at the time
the title vested in the city. Nor is there any finding
that Hirschman has ever parted with his right to the
awards. The judgment, therefore, has no finding to
sustain it.

The judgments below must be reversed and a new trial
granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-
LAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.